DEAN J. ZIPSER (Cal. Bar No. 94680)
dzipser@umbergzipser.com
CAROLE E. REAGAN (Cal. Bar No. 162674)
creagan@umbergzipser.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA  92614
Telephone: (949) 679-0052
Facsimile:  (949) 679-0461

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC. and ALLERGAN USA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> GLOBAL BOOST MD, LLC; PHARMAMEDRX, LLC; TELLADERMMD, LLC; and DOES 1 through 10, <br><br> Defendants. | Case No. 8:16-cv-2244 <br><br> **COMPLAINT FOR:** <br><br> 1. **BREACH OF CONTRACT;** <br> 2. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> 3. **FALSE ADVERTISING AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125;** <br> 4. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.; AND** <br> 5. **TRADEMARK INFRINGMENT UNDER 15 U.S.C. § 1125** <br><br> **DEMAND FOR JURY TRIAL** |

{135344.6}

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

Plaintiffs Allergan, Inc. and Allergan USA, Inc. (collectively, "Allergan" or "Plaintiffs") allege, on personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, for their Complaint against Global Boost MD, LLC ("Global Boost"), PharmaMedRx, LLC, and TellaDermMD, LLC, and DOES 1 through 10, inclusive (collectively, "Defendants"), as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

2. Venue is proper in this Court under 28 U.S.C. § 1391.

3. This Court has personal jurisdiction over Defendants by virtue of their prior and ongoing marketing, promotion, offers for sale, and sales of beauty and aesthetic medical products throughout the State of California and in this District. In addition, defendant Global Boost expressly consented to jurisdiction in this District, and specifically this Division, pursuant to its agreement with Allergan (attached hereto as Exhibit 1, and more fully described below).

4. Venue is proper in this Division pursuant to General Order 16-05 because Global Boost resides in the Southern Division having consented to jurisdiction and doing business in the Southern Division.

## THE PARTIES

5. Allergan, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey. Allergan, Inc. also has an office located in Irvine, California. Allergan, Inc. is the owner of the federally registered trademark for LATISSE® (Registration No. 3620623).

{135344.6}   1

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

6. Allergan USA, Inc. is a corporation and a subsidiary of Allergan, Inc. Allergan USA, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey.

7. Allergan USA, Inc. markets a portfolio of leading branded pharmaceuticals, devices, and biologic products for medical uses, including medical aesthetics and dermatology, for sale in the United States. Among other products, Allergan USA, Inc. has exclusive rights within the United States to market and sell LATISSE®, an FDA-approved treatment to grow eyelashes for people with inadequate or not enough lashes. LATISSE® is available to patients only by prescription. Allergan entities manufacture LATISSE®, and Allergan USA, Inc. then distributes LATISSE® to a network of authorized healthcare professional re-sellers in the United States pursuant to written terms and conditions.

8. Allergan alleges on information and belief that defendant Global Boost is a Delaware limited liability company, with a principal place of business in Virginia. Global Boost operates multiple websites that offer various beauty and aesthetic products for sale in many states, including California. Global Boost was an authorized reseller of LATISSE® until its account with Allergan was terminated on August 11, 2016.

9. Allergan alleges on information and belief that defendant PharmaMedRx, LLC ("PharmaMedRx") is a Florida limited liability company, with a principal place of business in North Palm Beach, Florida.

10. Allergan alleges on information and belief that defendant TellaDermMD, LLC ("TellaDermMD") is a Florida limited liability company, with a principal place of business in North Palm Beach, Florida.

11. Allergan alleges on information and belief that defendants PharmaMedRx and TellaDermMD are affiliated with and acting in concert with Global Boost in the wrongful conduct alleged herein. In particular, Global Boost has represented on its websites that these defendants are affiliated with or alter egos

{135344.6}                                2

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

of Global Boost, and the websites of the Defendants are, or during the relevant time period have been, affiliated and linked to each other for purposes of the wrongful conduct alleged herein.

12. Allergan is ignorant of the true names of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Allergan will amend this complaint to allege their true names when the same have been ascertained. Plaintiffs allege on information and belief that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages herein alleged were proximately caused by such DOE defendants.

13. Plaintiffs allege on information and belief that each of the Defendants was the agent of each of the others, and committed the acts or omissions alleged herein on behalf of each of the other Defendants and, at all times relevant herein, acted within the course and scope of such agency or employment.

## FACTUAL ALLEGATIONS

14. Prior to August 11, 2016, Global Boost was an authorized reseller of LATISSE® products. Global Boost purchased LATISSE® products from Allergan pursuant to a written "Pricing and Purchase Agreement," dated January 1, 2016 (the "Purchase Agreement"). Global Boost resold LATISSE® products to patients through multiple websites operated by it or its affiliates (including defendants TellaDermMD and PharmaMedRx), including shoplatissemd.com, telladermmd.com, and mintrxpharmacy.com. Global Boost's use of the LATISSE® trademark on these and any other websites and domain names was defined by this Purchase Agreement and permitted only while Global Boost remained authorized to sell LATISSE® products.

15. In connection with the sale of LATISSE® and other Allergan products (including BOTOX® Cosmetic and the JUVÉDERM® collection of dermal fillers), Allergan operates a customer loyalty program known as "Brilliant Distinctions."

{135344.6}   3

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

Through the *Brilliant Distinctions*® program, patients who purchase or receive treatments with these Allergan products can earn reward points that can be redeemed for discounts on future purchases of Allergan products or savings on future treatments. Patients also can donate their points to charities. In addition, patients registered in the *Brilliant Distinctions*® program are able to earn additional points by shopping at the Brilliant Distinctions Mall that features a wide variety of products through a collection of popular online retailers. Participants in the program are also able to receive email communications from Allergan and get priority notice of promotions and double-point offers. Patients do not have to stay with the same physician/re-seller to use their Brilliant Distinctions points; they can redeem points for discounts with any authorized and participating provider.

16. When patients redeem their accrued *Brilliant Distinctions*® points for discounted treatments or purchases, the physician/reseller who administered the treatment or sold the product then submits the transaction to Allergan and receives reimbursement for the discount provided.

17. The *Brilliant Distinctions*® program is governed by terms and conditions with both the patient and the doctor/re-seller. Global Boost enrolled in the Brilliant Distinctions program and agreed to the terms and conditions. A copy of the *Brilliant Distinctions*® terms and conditions (the "Brilliant Distinctions Agreement") is attached hereto as Exhibit "1."

18. The purpose of the *Brilliant Distinctions*® program is to connect Allergan directly with its customers and thereby foster customer loyalty, expose customers to additional Allergan products and services, and increase sales. Thus, the program expressly requires that patients be registered online and that "true, accurate, current, and complete information" about patients be provided, including name, physical address, email address, and birth date. In addition to this identifying information being critical for Allergan to connect with patients directly, it also is necessary to allow patients to use their points with different or new

{135344.6}    4

physicians, and to track their points and resolve any discrepancies. The Program rules emphasize that "it's important that patients register with accurate information to ensure they are found properly." The program terms also state that points may not be transferred between accounts or users, and points may not be issued until a treatment or sale is complete.

19. In or about May 2016, Allergan discovered that Defendants were operating a scam whereby they enrolled patients in the *Brilliant Distinctions®* program using fake email addresses, collected points on the patients' behalf, redeemed the points almost immediately, and collected the reimbursements from Allergan. Allergan alleges on information and belief that these patients never knew they were enrolled in the *Brilliant Distinctions®* program, were not aware of their accrued points or other available benefits, and did not receive some or all of the discounts that accrued to the accounts set up in their names.

20. Through this scheme, Defendants collected all of the rebate money and prevented Allergan from properly administering the *Brilliant Distinctions®* program with regard to these the patients. Defendants' scheme deprived Allergan of the benefits of its *Brilliant Distinctions®* program. Defendants prevented Allergan from establishing a relationship with its patients or communicating with them because the email address information Defendants provided was false. Patients also were denied the ability to use their accrued points with other providers or donate them to charities because they never knew they had the points, had no ability to use the Brilliant Distinctions Mall to earn additional points, were never capable of being informed directly by Allergan of discounts and other promotions, and were unable to use their points and discounts for products other than LATISSE® -- such as BOTOX® Cosmetic and the JUVÉDERM® products -- that were not available through Defendants. On information and belief, this scheme resulted in lost opportunities, lost sales, and loss of customer goodwill for Allergan.

{135344.6}  5

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

21. On August 11, 2016, Allergan contacted Global Boost in writing, terminating Global Boost's account with Allergan. After that date, Global Boost was no longer an authorized reseller of LATISSE®, nor an authorized participant in the *Brilliant Distinctions*® program. Allergan ceased all sales and shipments of LATISSE® to Global Boost as of that date. Allergan's termination notice also required Global Boost to remove all mention of Allergan brands, including LATISSE®, from its websites, social media, and practice materials. Allergan also instructed Global Boost to return to Allergan all rebate monies issued to Global Boost that were not passed on to the patients. Allergan alleges on information and belief that the total amount of such monies is as much as $3,000,000. A copy of Allergan's termination notice is attached hereto as Exhibit "2."

22. Following termination, Defendants have wrongfully continued to offer LATISSE® for sale on their websites, to represent themselves to the patients and consumers as "authorized" sellers of LATISSE®, and to use the LATISSE® trademark – all without authorization to do so.

23. In or about December 2016, a generic version of LATISSE® received FDA approval and Defendants began offering the generic version for sale on their websites. Defendants continue to illegally use the LATISSE® mark to attract customers, but now for purposes of selling a competing product. Defendants' conduct has the natural consequence of causing and will, unless abated, continue to cause confusion to customers and damage Allergan.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
**(By Plaintiffs against all named defendants and DOES 1-10, Inclusive)**

24. Plaintiffs incorporate herein by this reference each allegation of the preceding paragraphs of this complaint.

25. In agreeing to participate in Allergan's *Brilliant Distinctions*® program, and entering into the Brilliant Distinctions Agreement, Defendants

{135344.6}   6

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

expressly accepted all of the terms and conditions contained therein.

26. Defendants breached the Agreement by, among other things, not informing patients of the program and registering them for the program with false information, thereby preventing Allergan from engaging in direct contact and marketing with the patients and depriving both Allergan and the patients of the benefits of the *Brilliant Distinctions®* program, as detailed above.  Allergan also alleges on information and belief that Defendants, in breach of the Agreement, obtained reimbursement for discounts that were not passed on to the patients, and/or redeemed transferred discounts between patients.

27. Allergan has been damaged by Defendants' breach of the Agreement -- through lost sales, lost goodwill, and misappropriated reimbursements -- in an amount to be proven at trial and in excess of the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**(By Plaintiffs against all named defendants and DOES 1-10, Inclusive)**

28. Plaintiffs incorporate herein by this reference each allegation of the preceding paragraphs of this complaint.

29. A primary purpose of Allergan's *Brilliant Distinctions®* program is the ability for Allergan to communicate directly with users of its products and to expose them to other Allergan products and services and generate greater sales.

30. Defendants' scheme of creating false accounts for patients in the program deprived Allergan of this essential benefit.

31. As a result, Defendants violated the covenant of good faith and fair dealing in the Brilliant Distinctions Agreement.

32. Allergan has been damaged by Defendants' breach of the covenant of good faith and fair dealing in the Agreement in an amount to be proven at trial and in excess of the jurisdictional limit of this Court.

{135344.6}   7

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

# THIRD CLAIM FOR RELIEF

## FALSE ADVERTISING AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

**(By Plaintiffs against all named defendants and DOES 1-10, Inclusive)**

33.  Plaintiffs incorporate herein by this reference each allegation of the preceding paragraphs of this complaint.

34.  In marketing, advertising, promoting and selling LATISSE® products, Defendants have engaged, and continue to engage in false advertising and unfair competition in violation of Section 43(a) of the Lanham Act by specifically, but not inclusively:

  a. Representing Global Boost to consumers as an "authorized" seller of LATISSE® when it is not;

  b. Claiming to have received an award from Allergan for "ethical practice" and "safety compliance" when it did not;

  c. Misrepresenting the generic version of LATISSE® to be Allergan-branded LATISSE®; and

  d. Enrolling patients in *Brilliant Distinctions*® accounts, and then not passing on the program rewards to them, preventing them from obtaining additional discounts or other promotional materials from Allergan, preventing them from using their points with other doctors or re-sellers or donating them to charities; and preventing patients from using accrued points for other Allergan products that Global Boost does not sell.

35.  Defendants' false and misleading advertising and unfair competition is willful, deliberate, and in bad faith.

36.  These misleading statements have likely deceived and have the tendency to deceive a substantial segment of the audience for this advertising. The deception is material and will likely influence patients' purchasing decisions and

Allergan has been injured by Defendants' false and misleading statements. Thus, Defendants have and continue to violate 15 U.S.C. § 1125.

37. As a direct result of Defendants' false advertising and unfair competition, Plaintiffs have suffered, suffer, and will continue to suffer, irreparable harm to their reputation, business, and goodwill. Further, Defendants' deceptive operations pose harm to thousands of unknowing patients, who have been registered in the *Brilliant Distinctions*® program without their knowledge and consent, and without receiving any of the benefits thereof.

38. Defendants' conduct caused and will continue to cause irreparable harm, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116.

## FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ
**(By All Plaintiffs against all named defendants and DOES 1-10, Inclusive)**

39. Plaintiffs incorporate herein by this reference each allegation of the preceding paragraphs of this complaint.

40. Defendant's above-described conduct constitutes unlawful, unfair, deceptive, and fraudulent business practices in violation of California Business and Professions Code sections 17200 et seq.

41. Defendants' actions as outlined above are unlawful having been undertaken in violation of the trademark rights of plaintiffs.

42. Defendants' actions are unfair and deceptive in that Defendants have (a) passed Global Boost off as an authorized provider of LATISSE® when it is not, and continues to do so, (2) created, and continue to create, consumer confusion between LATISSE® and the generic version, and (3) established false *Brilliant Distinctions*® accounts without patients' knowledge and depriving both patients and Allergan of the benefits of that program.

{135344.6}   9

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

43. Defendant's actions are fraudulent in that Global Boost (a) intentionally concealed from Plaintiffs that it was setting up fake *Brilliant Distinctions*® accounts, preventing Allergan and patients from obtaining the benefits of the program, (b) pocketed the rebates or, at a minimum, passed the Allergan discounts off as Global Boost discounts and thereby misappropriating customer goodwill and future sales for itself, (c) provided false patient information to Allergan in violation of its contractual obligation to provide accurate and complete information; (d) misrepresented customer information to Allergan as accurate when it was not, (e) misappropriated customer loyalty and diverted or prevented sales of Allergan products, and (e) purposely concealed all of these material facts in order to continue with its deceptive use of the *Brilliant Distinctions*® program.

44. Plaintiffs were deceived by Defendants' conduct and damaged thereby.

45. The above-described conduct was intended to produce and, on information and belief, has produced, substantial profits for Defendants, at the expense and to the detriment of Allergan.

46. Allergan has suffered monetary damage, as well as substantial injury to its goodwill, as a result of Defendants' conduct as alleged herein. Defendants' conduct also has caused, and is continuing to cause, irreparable injury to plaintiffs' business and reputation, thereby entitling Allergan to injunctive relief.

## FIFTH CLAIM FOR RELIEF
## TRADEMARK INFRINGMENT UNDER 15 U.S.C. § 1125
**(By Plaintiffs against all named defendants and DOES 1-10, Inclusive)**

47. Plaintiffs incorporate herein by this reference each allegation of the preceding paragraphs of this complaint.

48. Allergan has built up substantial goodwill in its highly distinctive LATISSE® trademark. Defendants have traded and continue to trade on the goodwill associated with the mark, without the authorization of Allergan.

{135344.6}                    10

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

49. Following its termination of its account with Allergan, Global Boost was no longer authorized to use the LATISSE® mark. Defendants' continued use of Allergan's LATISSE® mark without authorization infringes Allergan's trademark. Defendants continue to illegally use Allergan's LATISSE® mark on multiple websites (including shoplatissemd.com, mintrxpharmacy.com, and telladermmd.com), social media and other advertising, and in the following domain names: www.shoplatissemd.com; www.genericlatisseonline.com; www.buygenericlatisse.com; www.latissemd.online; and www.latisse.md. Defendants' use wrongfully suggests an affiliation, sponsorship, and/or authorization between Global Boost and Allergan, and is therefore likely to cause consumer confusion.

50. Defendants further infringe Allergan's trademark rights by the wrongful use of LATISSE® in connection with the sale of its generic version. For example, when purchasing the generic version from one of Defendants' websites, patients receive an email -- before completing the transaction -- referring to their purchase of "one year's worth of Latisse" and instructing the patient to conduct a physician consult "so that we may ship you your Latisse." Such use is prohibited by FDA regulations and is likely to cause consumer confusion between real LATISSE® and a generic brand, causing damage to Allergan, in that consumers believe they will receive genuine, authorized LATISSE® when in fact they will not.

51. As a direct result of Defendants' trademark infringement, as described herein, Plaintiffs have suffered, suffer, and will continue to suffer irreparable harm to their reputation, business, and goodwill.

52. Defendants' conduct, as alleged herein, has been willful, warranting statutory penalties, including treble damages.

53. Defendants' conduct, as described herein, has injured Allergan, Inc. and Allergan USA, Inc. and will continue to cause injury for which Plaintiffs have

{135344.6}   11

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244

no adequate remedy at law. As such, Allergan, Inc. and Allergan USA, Inc. are entitled to a preliminary and permanent injunction prohibiting Defendants' wrongful conduct.

## **PRAYER FOR RELIEF**

Wherefore, plaintiffs pray for judgment as follows:

1. For damages in an amount to be proven at trial;
2. For treble damages as allowed by law;
3. For statutory penalties as allowed by law;
4. For a temporary restraining order, and preliminary and permanent injunctive relief as allowed by law;
5. For an accounting;
6. For a constructive trust;
7. For restitution and disgorgement of profits;
8. For attorneys' fees and costs as allowed by law;
9. For prejudgment interest as allowed by law; and
10. For such other and further relief as the Court may deem just and proper.

Dated: December 23, 2016         UMBERG ZIPSER LLP

By: _____
Dean J. Zipser
Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN USA, INC.

{135344.6}                    12
UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE
COMPLAINT
CASE NO. 8:16-CV-2244

## **DEMAND FOR JURY TRIAL**

Plaintiffs ALLERGAN, INC. and ALLERGAN USA, INC, demand a jury trial in this matter.

Dated: December 23, 2016          UMBERG ZIPSER LLP

By: _____
    Dean J. Zipser
    Attorneys for Plaintiffs
    ALLERGAN, INC. and ALLERGAN USA, INC.

{135344.6}

13

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

COMPLAINT
CASE NO. 8:16-CV-2244